## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Thomas W. MORAN, IV, Attorney at Law.

Supreme Court

*No. 90-2481-D. Decided December 17, 1991.*

(Also reported in 477 N.W.2d 628.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

We review the recommendation of the referee that the license of Thomas W. Moran, IV to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of his neglect of client matters, his failure to keep clients informed of the status of those matters, his misrepresentation of facts concerning his conduct in the probate of an estate, his failure to promptly refund the client's retainer when terminating representation and his misrepresentation to the client that he had mailed the refund, his withdrawal

of client funds and use of them for his own personal purposes, his failure to promptly pay a client's hospital bill from funds on deposit in his trust account and his misrepresentation to his client concerning that payment, his use of client funds held in his trust account to pay specified obligations of the client for his own purposes and his numerous failures to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) in the course of its investigation of client grievances.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Moran's professional misconduct and determine that the recommended license revocation is appropriate discipline to be imposed for it. By his conduct, Attorney Moran has failed in his professional duty to diligently pursue his clients' interests. By using clients' funds for his own personal purposes, he violated the very basic trust clients are encouraged to place in and have a right to expect from those providing legal representation. Attorney Moran placed his own interests above those of his clients, to their substantial detriment.

Attorney Moran was admitted to practice law in September, 1980 and practices in Superior. He was suspended from the practice of law in June, 1991 for failure to comply with continuing legal education requirements. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable Rodney Lee Young, reserve judge.

On the basis of testimony presented in the course of the disciplinary hearing and based on the pleadings in the proceeding, the referee made the following findings of fact. In 1988, Attorney Moran was retained by a woman to commence an action against Douglas county. The action was scheduled for trial on May 9, 1988 but rescheduled for February, 1989 as a result of Attorney

505

Moran's failure to appear for a pretrial conference. For one year thereafter, Attorney Moran did not tell his client about the postponement or the reason for it. He failed to return her numerous telephone calls, failed to keep her informed of the status of the matter and failed to comply with reasonable requests from her for information. The referee concluded that Attorney Moran thereby violated SCR 20:1.3[1] and 20:1.4(a).[2]

In October, 1987, Attorney Moran was retained to probate an estate. An heir in that estate filed a grievance with the Board alleging that Attorney Moran failed to complete that estate timely. In January, 1990, Attorney Moran told the district professional responsibility committee, to which the grievance had been referred, that the estate was closed; he also told the heirs that he had completed the probate, when in fact he had not. The estate was still not completed in mid-May, 1990. The referee concluded that Attorney Moran neglected this legal matter, in violation of SCR 20:1.3, and that his misrepresentations concerning the completion of the estate constituted dishonesty or misrepresentation, in violation of SCR 20:8.4(c).[3]

---

[1]SCR 20:1.3 provides:

**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 20:1.4 provides:

**Communication.** (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3]SCR 20:8.4 provides:

**Misconduct.** It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

In July, 1988, a man retained Attorney Moran to represent him in a criminal matter. When that representation was terminated following Attorney Moran's absence on vacation for one month, during which time he could not be reached, the client tried to obtain a refund of his retainer. Attorney Moran misrepresented to him that he had mailed him a refund check. The client eventually received the refund of his retainer two days before the district professional responsibility committee hearing into this matter. The referee concluded that Attorney Moran's failure to return the unearned portion of the retainer, determined by the State Bar fee arbitration committee to be $4,000, violated SCR 20:1.16(d);[4] his misrepresentation to the client regarding the mailing of the refund check violated SCR 20:8.4(c).

In 1989, Attorney Moran received an $8,000 settlement check on behalf of a client. He deposited that check into his client trust account and drew four checks, one to the client, one to the local welfare department that had provided benefits to the client, one to a hospital where the client had received treatment and one to himself for fees. The check payable to the hospital was never delivered; on instructions of Attorney Moran, it was voided. On August 1, 1989, Attorney Moran drew a check on his trust account in favor of a bank in the exact amount of the voided check, $1,842, of which he used

---

[4]SCR 20:1.16 provides:

**Declining or terminating representation.**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

$250 to pay a personal consumer loan and $421 to pay on a personal real estate loan, taking the balance in cash. The hospital was eventually paid in March, 1990 by a check drawn on Attorney Moran's personal account.

The referee concluded that Attorney Moran engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c), by converting client funds to his own use, violated SCR 20:1.15(b)[5] by failing to promptly deliver funds on deposit in his trust account to which the hospital was entitled and engaged in misrepresentation, in violation of SCR 20:8.4(c), by misrepresenting to his client that he had asked his secretary to locate the canceled check to the hospital when he knew there was none.

In July, 1990, while representing clients in a real estate transaction, Attorney Moran withheld $10,900 of the purchase price for the purpose of paying specified obligations. He deposited that money in his trust account, from which he paid one obligation in the amount of $798. Thereafter, Attorney Moran withdrew the $10,100 balance and used it for his own purposes. When the clients brought a legal action to recover the money, Attorney Moran paid delinquent taxes owing by the clients and gave them his personal check for $4,846 to pay judgments that were to have been paid from the

---

[5]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

withheld sale proceeds. The referee concluded that Attorney Moran's transfer of client funds held in trust for the purpose of paying specified obligations without making those payments violated SCR 20:1.15(a)[6] and that his failure to account for the clients' funds and return them on demand violated SCR 20:1.15(b). Further, by converting the clients' money to his own use, he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).

During the course of the Board's investigation of client grievances, Attorney Moran failed to submit written responses in 13 matters between May, 1988 and March, 1991. The referee concluded that he thereby violated SCR 21.03(4)[7] and 22.07(2).[8]

---

[6]SCR 20:1.15 provides, in pertinent part,:

**Safekeeping property.** (a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account . . ..

[7]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[8]SCR 22.07 provides:

**Investigation.**

. . .

By actions in these matters, Attorney Moran has demonstrated that he is unfit to continue to be licensed to provide legal representation to others. His misconduct warrants the most severe disciplinary sanction—license revocation.

IT IS ORDERED that the license of Thomas W. Moran, IV to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas W. Moran, IV pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Thomas W. Moran, IV comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.